THE STATE, JOHN B. FIELD ET AL., PROSECUTORS, v. BEN-JAMIN B. FIELD ET AL.

1. The ninety-eighth section of the act concerning roads, approved March 27th, 1874, does not authorize the correction of assessments for damages or benefits made under the supplements to the road act of April 16th, 1846, which were approved March 1st, 1850, and March 23d, 1859.
2. The supplement of March 12th, 1874, (*Pamph. L.* 33,) does authorize the correction of such assessments, and extends to the remedying of any errors and defects in the surveyors' return, which the Court of Common Pleas is competent to ascertain, and because of which that court might annul or set aside the proceedings.

On *certiorari* to review proceedings purporting to have been taken under section ninety-eight of the act concerning roads. *Rev. Stat.* 791.

Argued at November Term, 1875, before Justices SCUDDER, KNAPP and DIXON.

For the prosecutors, *A. V. Schenck.*

For the defendants, *Boice* and *James Wilson.*

The opinion of the court was delivered by

DIXON, J.   The *certiorari* in this case brings before the court for review certain proceedings purporting to have been taken under the ninety-eighth section of the act concerning

Field v. Field.

roads, which went into effect January 1st, 1875. *Rev. Stat.,* *p.* 751.

Upon the 27th day of February, A. D. 1874, the Court of Common Pleas of Middlesex county, on the application of ten freeholders, appointed six surveyors of highways to consider the propriety of laying out a certain public road in the township of Piscataway, in said county. On March 14th, 1874, these surveyors made their return, laying out the road applied for, and reporting an assessment of damages to the owners of land taken, viz.: $504 in favor of the prosecutors, $1220.80 in favor of John B. Field, and $763.20 in favor of Asher S. Runyon ; and also reporting an assessment for benefits, viz.: $504 against the prosecutors, $1220.80 against John B. Field, and $763.20 against Asher S. Runyon. On March 28th, 1874, the prosecutors filed a *caveat* against recording this return. On January 28th, 1875, the Court of Common Pleas ordered that the surveyors should appear before the court on March 19th, following, to review their proceedings, and to supply omissions and amend defects in their map return and assessment of damages in such particulars and in such modes as the court should by rule direct; and also ordered that John B. Field and the prosecutors should show cause on the same day why the return of the surveyors should not be so amended as to preclude them or either of them from the benefit of any assessment of damages therein. On the day last mentioned, the court, after hearing the parties, adjudged that John B. Field was an actual applicant for the road, and that the return of the surveyors was defective in making an assessment in his favor ; and defective, also in this, that the surveyors had failed to find and return whether or not the said road was a general benefit to the township at large, and whether or not the township should pay any portion, and if so, what portion of the damages awarded by them. And thereupon the court ordered the surveyors to review their proceedings and return, and amend the same, so that no damages should be awarded to John B. Field, and by taking into consideration, deciding, and stating

in their amended return whether or not the road was a general benefit to the township, and whether or not the township should pay any portion of the damages the surveyors might award, and if so, what portion ; and to review the assessment of damages, and make such corrections and amendments to and of the same as should be necessary and proper in view of the changes above directed.   Upon the making of this order the surveyors made an amended return, signed by five of them, awarding nothing to John B. Field, and assessing nothing against him ; awarding to the prosecutors, and assessing against them precisely as in their first return, and awarding to Asher S. Runyon $763, and assessing against him $738, and against the township, $25.   This amended return and the orders of the court providing for amendment, are the subject of complaint in this suit.

The proceedings now before us, for laying out the road and assessing the damages and benefits, were had under the road act of April 16th, 1846, and its supplements of March 1st, 1850, and March 23d, 1859.   The amended portions related to assessments merely, which could be imposed only by force of the first section of the earlier supplement and the fifteenth and nineteenth sections of the later supplement.   That first section required surveyors who should lay out a public road, to make an assessment of the damages which the owner of any real estate taken might sustain thereby.   This court has construed that statute to prohibit the surveyors from deducting the benefits accruing to such owner by laying out the road, in fixing the compensation to be made to him.   *State* v. *Miller*, 3 *Zab.* 383 ; *Williamson* v. *East Amwell*, 4 *Dutcher* 270.   Subsequently, by the fifteenth section of the supplement of 1859, the surveyors were required, whenever they awarded damages under the act of 1850, to assess those damages upon the owners of land in the neighborhood of the road, which, in their opinion, would be benefited by laying it out ; and, by the nineteenth section of the same supplement, they were empowered to assess such portion of the damages awarded by them as they should deem just, upon the township at large,

for the general benefit accruing to it by laying out the road. It is clear, therefore, that these provisions of the act of 1859 derive their efficacy from the act of 1850. Where there is no award under the earlier, there can be no assessment under the later statute. Now, by the act relative to statutes, approved March 27th, 1874, (¶ 65 and 100,) the road act of 1846 and its supplement of 1850 were, from January 1st, 1875, repealed. And, although the supplement of 1859, repealed by paragraph two hundred and seven of this same act of March 27th, 1874, was, as it were, re-enacted by the ninety-ninth section of the road act of March 27th, 1874, yet it is evident, for the reason already indicated, that, by the repeal of the act of 1850, the fifteenth and nineteenth sections of the act of 1859 are inoperative as to proceedings instituted after January 1st, 1875. The mode of compensation and assessment for opening roads, which then went into effect, was entirely different, and is fixed by the road act of March 27th, 1874. Under it, the assessment of damages in favor of any land-owner, is limited to those which he will sustain over and above the advantage accruing to him, and the whole burden of the assessment is to be borne by the township. I think it, therefore, quite necessary to conclude that the power of amendment given by the ninety-eighth section of this last mentioned statute, does not reach the proceedings of the surveyors now in review before us. By its terms, the power is limited to proceedings by virtue of the act of which it forms a part, and by no liberality of construction merely, can it be extended to proceedings under statutes that were repealed at the moment it went into effect, and to which the legislation it was designed to aid was repugnant.

But, besides this ninety-eighth section of the act which became a law, January 1st, 1875, and which, doubtless, was in the mind of the Court of Common Pleas during these amendatory proceedings, there is another act, approved March 12th, 1874, (*Pamph. L.* 33,) under which their proceedings may be held valid, notwithstanding any objection urged against them in the reasons filed herein. That act went into

operation two days before the return of the surveyors was filed ; and the provisions which it makes for the amendment of returns are therefore clearly applicable to the return before us.   In the consideration of the reasons assigned for reversal, a preliminary question presents itself, whether the assessments for benefits and damages, which alone were the subjects of change before the Common Pleas, are included within the term " return," which is made amendable by the act of 1874. The ordinary meaning of the word "return," is a formal report of duty discharged.  The second section of the act of 1850, before spoken of, directs the surveyors, with their return of the laying out of the road to return their assessment of damages certified under their hands, and the fifteenth section of the act of 1859 directs them to certify their assessment of benefits as a part of their return.   By the sixteenth section it is directed that a copy of the return shall be served on the township clerk ; and this is the only means provided for informing the township authorities of the assessments for benefits and damages which, under the seventeenth section, they are to collect and pay.   I think, therefore, that neither the legislative intent, as expressed on the face of the law, nor the reason of the thing, nor the rule that remedial statutes shall be construed liberally, is consistent with the restriction of the "return" spoken of in the act of 1874, to anything less than the entire report which the surveyors are authorized to make.

The first reason urged by the prosecutors for reversal is, that the surveyors made an entirely new, other, and different assessment for benefits and damages, in regard to both persons and amounts ; and they insist that so complete a change as was made is not sanctioned by law, and that only defects or omissions apparent on the face of the papers can be corrected. Such a construction is too strict for this remedial act.   The statute says that, when it shall appear to the court that the return is defective or erroneous, the court shall not, on account thereof, annul or set aside the proceedings, but shall take steps to have the surveyors make an amended return, cor-

Field v. Field.

recting the errors and defects in their former return. This language is very broad, and, in my judgment, extends to every error or defect in the return which it is within the jurisdiction of the court to ascertain, and on account of which, but for this statute, the court would or might annul or set aside the proceedings. The case before us furnishes an example both of error and defect. It appeared to the court that John B. Field was an actual applicant for the road, (whether justly or not, is now unimportant,) and the report made an assessment in his favor. The court had power to ascertain who were applicants, and an assessment made in favor of an applicant was an error, being directly in violation of the sixth section of the act of 1850. The surveyors omitted to report whether, in their opinion, the road was a general benefit to the township at large, and whether the township should pay any portion of the damages awarded, as they were authorized to find, by the nineteenth section of the act of 1859. This was a defect, and I think it was clearly within the purview of the act of 1874, that the court should take steps for the correction of such error and defect. Their correction, by lessening the aggregate of damages, and perhaps increasing the scope of benefits, would require a review by the surveyors of their entire assessment; but, by the third section of this act of 1874, they had, in their proceedings to make an amended return, the same powers as they had in making the first return—powers quite sufficient to meet all the requirements of their constitutional and statutory duties—and, so long as they confined themselves to the performance of those duties which were necessary or proper for the correction of the errors and defects that the court had specified, they were within the limits of their authority under this act. In my judgment, they did so confine themselves, and there is no ground, in the first reason assigned, for reversing their proceedings.

The second and third reasons assigned are, that the second assessment was not made or signed by all and the same sur-

veyors who made the prior one, nor was it signed on the same day by such of them as signed it.

The facts are, that all of the surveyors were notified to appear for the purpose of making an amended return ; that all did appear and take part in the deliberations ; that one did not concur in the views of his associates, and so refused to sign the report ; that another, who did concur, was suddenly called away by sickness in his family, while the report was preparing ; that the other four remained, and made and signed the return together ; and, on the following day, the fifth surveyor who had concurred, came in and signed it. These facts satisfy the law. The statute says, the surveyors, or a majority of them, shall make and sign an amended return ; and, beyond cavil, four, a majority of these surveyors, made and signed this return.

The last reason assigned, that the surveyors amended the return in regard to matters and persons not indicated in or directed by the order of the court, has been sufficiently adverted to in what was said upon the first reason. The changes which the surveyors made were within the range of that exercise of power which was required to correct the error and defect pointed out by the court.

No sufficient cause for reversing the proceedings brought up for review is alleged, and, therefore, they must be affirmed, with costs.